## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **DIMITRI CASH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-37-RAH-CWB |
| ) | |
| **THEODORE MYERS, III and** ) | |
| **MYERS UNLIMITED, LLC,** ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.     Introduction**

Dimitri Cash, acting *pro se*, sought leave to proceed *in forma pauperis* (Doc. 2) at the time he filed the underlying Complaint (Doc. 1). Pursuant to 28 U.S.C. § 636, referral then was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 3). By Order entered February 1, 2024 (Doc. 4), *in forma pauperis* status was granted and service of process was deferred pending threshold review pursuant to 28 U.S.C. § 1915(e). After conducting such review and concluding that the Complaint was insufficiently pleaded, the Magistrate Judge directed Plaintiff to file a curative amendment and informed Plaintiff with specificity as to what information should be included in the Amended Complaint. (*See* Doc. 5 at pp. 5-6). Plaintiff in turn filed an Amended Complaint on March 11, 2024. (Doc. 8). Upon review and consideration thereof, the Magistrate Judge concludes that dismissal is appropriate.[1]

---

[1] Named as defendants are Theodore Myers, III and Myers Unlimited, LLC. (Doc. 8 at p. 2). The "Residential Lease Agreement" submitted as an exhibit to the Amended Complaint identifies Myers Unlimited, LLC as the "Landlord" and Plaintiff as a tenant. (*See* Doc. 8-2 at p. 8; *see also* Doc. 8 at p. 2, ¶ 9). It is alleged that Theodore Myers, III is the owner of Myers Unlimited, LLC. (*See* Doc. 8 at p. 2, ¶¶ 7-8).

1

## II.     Factual Background

Plaintiff alleges that Defendant Myers entered his leased Alabama residence without notice and reported certain information to authorities in Rochester, New York—ultimately resulting in Plaintiff's arrest, loss of employment, and incarceration. (*See* Doc. 8). According to Plaintiff, he leased the residence for a friend "because her credit was insufficient to cover the prerequisite terms of the property lease agreement." (*Id*. at p. 2, n. 1). Plaintiff asserts that he executed the lease on January 13, 2021 (*id*. at p. 3, ¶ 10) and "then returned to his home state of New York on a business trip on the following day of January 14, 2021" (*id*. at pp. 3-4, ¶ 11).

On January 19, 2021, Plaintiff's children were abducted from the home of their guardian in Greece, New York. (*Id*. at p. 4, ¶ 12). On January 20, 2021, Defendant Myers coincidentally entered the leased Alabama residence to turn on water service. (*Id*. at ¶ 14; *see also* Doc. 8-2 at p. 4). While inside the residence, Defendant Myers observed several items indicating the presence of small children, and he reported the information to law enforcement in reference to Plaintiff's abducted children. (Doc. 8 at pp. 4-5, ¶¶ 14-16). Plaintiff thereafter was arrested on January 23, 2021 and charged with kidnapping, robbery, and burglary "based, in pertinent part, upon information unlawfully obtained from his [residence] by the Defendant(s) …" (*id*. at pp. 5-6, ¶ 18).

## III.    Pleading Standard

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Yet a court does not have "license ... to rewrite an otherwise deficient [*pro se*] pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). And it is

recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

The Federal Rules of Civil Procedure require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy that requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Stated differently, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While plausibility "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint thus will not pass muster if it merely "offers labels and conclusions or a formulaic recitation of the elements of a cause of action," or if it "tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555 & 557).

**IV.   Discussion**

The Amended Complaint "alleges that [Defendants'] unauthorized disclosure of [Plaintiff's] private information constituted a violation of his privacy rights under the Fourth Amendment of the United States Constitution, a violation of his Landlord/Tenant Contract Agreement, and his Civil Rights under 42 U.S.C. §§ 1981, 1982, and 1983." (Doc. 8 at p. 5, ¶ 17). Plaintiff otherwise states that his claims are "brought under 42 U.S.C. §§ 1981, 1982, and 1983 of the Civil Rights Act, and Alabama Uniform Residential Landlord and Tenant Act." (*Id.* at p. 1, ¶ 1). Those assertions are the entirety of Plaintiff's discussion of his legal theories.

To the extent Plaintiff seeks to proceed under § 1983, the court observes that an actionable § 1983 claim must assert facts showing that constitutional or federal rights were violated and that the violation was committed by a person acting under color of state law. *See Touchston v. McDermott*, 234 F.3d 1133, 1137 (11th Cir. 2000). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state," *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001), or when he "makes clear that he was asserting the authority granted him and not acting in the role of a private person." *Williams v. United States*, 341 U.S. 97, 100 (1951). Plaintiff has not alleged here that Defendants were acting under the color of state law at any time.

To the extent Plaintiff seeks to proceed under § 1981, the Eleventh Circuit has held that "[t]o sue successfully for non-employment discrimination under § 1981, [a plaintiff] must show that [he] is a member of a racial minority, that the discrimination concerned one or more activities enumerated in the statute, and that Defendants intentionally discriminated against [him] on the basis of [his] race." *Flournoy v. CML-GA WB, LLC*, 851 F.3d 1335, 1338 (11th Cir. 2017). Here, however, neither the Complaint nor the Amended Complaint sets out allegations that Defendants intentionally discriminated against Plaintiff on the basis of race.

To the extent Plaintiff seeks to proceed under § 1982, the same factors apply as in a § 1981 claim "except that it focuse[s], not upon rights to make and enforce contracts, but rights related to the ownership in property." *CBOCS W., Inc. v. Humphries,* 553 U.S. 442, 446 (2008). "The prima facie elements of a § 1982 case parallel those of a § 1981 case and require that a plaintiff show (1) membership in a protected class; (2) discriminatory intent on the part of the defendant and (3) interference with the rights or benefits connected with the ownership of property." *Daniels v. Dillard's, Inc.,* 373 F.3d 885, 887 (8th Cir. 2004); *CBOCS W., Inc.,*

553 U.S. at 447 (noting that Supreme Court precedents "have long construed §§ 1981 and 1982 similarly" and that the only difference in the statutes' language is the set of rights protected); *Lawrence v. Courtyards at Deerwood Ass'n,* 318 F. Supp. 2d 1133, 1150 (S.D. Fla. 2004). Again, Plaintiff has not alleged that he was denied any rights on the basis of his race.

To the extent Plaintiff seeks to proceed under the Alabama Uniform Residential Landlord and Tenant Act ("AURLTA"), he has failed to state what provisions of the AURLTA that Defendants have allegedly violated or what steps, if any, he has taken pursuant to the "Tenant Remedies" section of the AURLTA. The court thus cannot draw a reasonable inference from the alleged facts that Defendants would be liable to Plaintiff under the AURLTA.

## V.     Conclusion

For the reasons described above, the Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e).[2]

---

[2] Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted). Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (explaining that courts do not consider "any allegations in the complaint that are merely legal conclusions").

It is **ORDERED** that all objections to this Recommendation must be filed no later than **October 23, 2024**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 9th day of October 2024.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**